UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          No. 08-12613

    Plaintiff,          District Judge John Corbett O'Meara

v.          Magistrate Judge R. Steven Whalen

DARRYL NEWBY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is as student loan case. On June 19, 2008, Plaintiff, the guarantor of the loan, filed a civil complaint alleging default and non-payment by the Defendant. Plaintiff filed an answer on August 14, 2008. Before the Court at this time is Plaintiff's motion for summary judgment [Docket #5], filed on August 26, 2008, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant has not filed a response. For the reasons discussed below, I recommend that the motion be GRANTED.

**I.    FACTS**

Plaintiff alleges that Defendant took out a student loan in March of 1987, in the amount of $2,625.00, with interest at 8% per annum. The loan was ultimately guaranteed by the United States Department of Education, pursuant to the Higher Education Act of 1965, 20 U.S.C. § 1071, *et.seq*. Plaintiff alleges that Defendant defaulted on the loan, and

-1-

that there was a total amount owing, as of the filing of the complaint, of $4,766.32, inclusive of principal, interest and administrative fees, costs and penalties. Attached as exhibits to the motion for summary judgment are a Department of Education Certificate of Indebtedness, executed on May 13, 1999, indicating a debt at that time of $3,399.36 (Exhibit A); a promissory note signed by Defendant Darryl Newby on March 13, 1987, and indicating an original loan amount of $2,625.00 (Exhibit B); and the affidavit of Lynda Faatalale, a loan analyst with the Department of Education, authenticating the Certificate of Indebtedness a accurate, and as a document created and kept in the course of regularly conducted business activity.

In his answer to the complaint [Docket #4], Defendant denies that he ever received any loan money, or that he attended the school. He alleges that the school told him the loan was not approved. He has not filed a response to the summary judgment motion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.    DISCUSSION

The Plaintiff has provided clear documentation of Defendant's indebtedness, in the

form of the Department of Education's Certificate, as well as the promissory note signed by the Defendant. While Defendant alleges in his answer that he never received any money, he has not challenged the authenticity of the Certificate of Indebtedness or his promissory note, which at this point stand as unrebutted and prima facie evidence of the debt.[1] Because Defendant has not proffered any evidence to show a genuine issue of material fact, summary judgment is appropriate.

### IV.  CONCLUSION

I therefore recommend that Plaintiff's motion for summary judgment [Docket #5] be GRANTED, and that judgment be entered in favor of the Plaintiff.[2]

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard*

---

[1] If the unnamed school in fact defrauded the Defendant by telling him that the loan was not approved while keeping the money, Plaintiff would arguably have a cause of action against the school. Individuals at the school might also be subject to prosecution for criminal fraud. However, these issues are not before the Court in the present case.

[2] Neither my recommendation, nor any eventual order of the district judge granting summary judgment, prevents the parties from discussing and reaching an agreement or compromise regarding the repayment of the money. It is the Court's understanding, for example, that if a defendant can show that he is unemployed, without assets, and otherwise in bad financial shape, the Department of Education may, in an appropriate case, consider waiving part or all of the debt, or agree to a reasonable payment plan. I would encourage Mr. Newby and Plaintiff's counsel to discuss this possibility.

*v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 19, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 19, 2009.

s/Susan Jefferson
Case Manager

-5-